THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

**KEYSTONE INSURANCE COMPANY,**

Plaintiff,

v.

**MICHAEL ANDERSON et al.,**

Defendants.

Civil No. 20-16049 (RMB/SAK)

## OPINION AND ORDER

This matter is before the Court on the motion [ECF No. 7] filed by Plaintiff Keystone Insurance Company ("Plaintiff" or "Keystone") seeking an Order to permit service by publication on Defendant Clemendine Thomspon ("Defendant" or "Thompson") and to extend the time for service. No opposition has been filed. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Plaintiff's motion is **GRANTED** in modified form.

**I. BACKGROUND**

Plaintiff filed this insurance coverage action on November 16, 2020 seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. *See* Compl. ¶ 1 [ECF No. 1]. Plaintiff seeks a declaration that it has no duty to defend or indemnify Defendants Michael Anderson and Clemendine Thompson (collectively, "Defendants"), who are named defendants in an underlying personal injury lawsuit arising out of a motor vehicle accident. *See id.* On the date of the accident, the vehicle involved was owned and insured by Defendant Anderson and was being driven by Thompson, who was an employee of Anderson. *Id.* ¶¶ 11, 13. Another employee of Anderson,

Eugene Catchings, was a passenger in the vehicle and is one of the plaintiffs in the underlying lawsuit. *Id.* ¶¶ 9, 11–12. Because the accident and alleged injuries involve Anderson's employees, Plaintiff asserts that the terms of its insurance policy exclude coverage for the underlying lawsuit.[1] *See id.* ¶¶ 19–25.

In the instant motion, Plaintiff asserts it has made repeated attempts to serve Thompson at his last known addresses on numerous occasions but to no avail. *See* Pl.'s Br. at 3 [ECF No. 7-3]. Plaintiff further asserts that it undertook an investigation into Thompson's whereabouts, including a "comprehensive investigative report" and a formal request "sent to the Philadelphia Post Office to obtain information related to Thompson's address history." Rybny Decl. ¶¶ 8–9 [ECF No. 7-2]; *see* Pl.'s Br. at 3. Despite its efforts, Plaintiff has been unable to ascertain Thompson's location, and expresses its belief that Thompson could be intentionally evading service because he allegedly did so with respect to his service in the underlying lawsuit. Pl.'s Br. at 3–4. Accordingly, Plaintiff avers that it has made all reasonable and available attempts to serve Thompson personally but, having failed in those attempts, Plaintiff now moves for service on Thompson by publication and an extension of time to complete service on him. *Id.* at 5–10. Plaintiff proposes alternative service by publication of a Court Order in two daily newspapers with circulations in Philadelphia County, Pennsylvania, where Thompson was last known to reside: the Philadelphia Inquirer and the Legal Intelligencer. *See id.* at 8. Specifically, Plaintiff seeks to publish the proposed notice—advising Thompson that he must appear by either answering or moving with respect to the complaint within thirty days of publication or risk default—on only one occasion in each paper. *See id.*; *see also* Pl.'s Proposed Order [ECF No. 7-1].

---

[1] On February 19, 2021, the Hon. Renée Marie Bumb entered a Stipulated Order [ECF No. 9] wherein Plaintiff and Anderson agreed that Plaintiff owes no such duties with respect to Anderson.

## II. DISCUSSION

### A. Service by Publication

Federal Rule of Civil Procedure 4 governs service of a summons and complaint. Because Thompson is an individual presumably located within a judicial district of the United States, service in this matter is governed by Rule 4(e). As such, Plaintiff may serve Thompson by following the New Jersey laws governing service of a summons and complaint in state court. *See* FED. R. CIV. P. 4(e)(1) ("[A]n individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.").

Under New Jersey law, personal service is the preferred method of service. *See* N.J. CT. R. 4:4-4(a). Substitute or constructive service is permitted, however, when personal service cannot be effected within the state. *See Argonaut-Midwest Inc. Co. v. Colt Logistics Inc.*, No. 18-11783 (KM/MAH), 2018 WL 6716104, at *2 (D.N.J. Dec. 20, 2018) (citing N.J. CT. R. 4:4-4(b), 4:4-5). For *in personam* jurisdiction, alternative methods of service include personal service outside the state, simultaneous mailings by ordinary and certified (or registered) mail, or by Court Order. *See* N.J. CT. R. 4:4-4(b). For *in rem* or *quasi in rem* jurisdiction, service by publication is permitted as to absent defendants. *See* N.J. CT. R. 4:4-5(a)(3).[2] Irrespective of the cause of action, alternative service requires a demonstration of due diligence by the requesting party. *Argonaut*, 2018 WL 6716104, at *2 (citing N.J. CT. R. 4:4-5(b)); *see Modan v. Modan*, 327 N.J. Super. 44, 47 (App. Div. 2000) ("An affidavit of diligent inquiry is required to disclose the efforts made to ascertain the defendant's whereabouts before seeking an order for publication.").

---

[2] Rule 4:4-5(a)(3) also requires defendants be notified by mail "within 7 days after publication."

"Diligence has no fixed standard." *Argonaut*, 2018 WL 6716104, at *2 (citing *Modan*, 347 N.J. Super. at 48). But the diligence exercised, and method of service sought, must meet the "elementary and fundamental requirement of due process." *O'Connor v. Abraham Altus*, 67 N.J. 106, 126 (1975) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). As such, the Court conducts a fact-sensitive inquiry to determine whether diligence has been exercised. *Id.* "[P]laintiff must demonstrate a good faith effort to search and find a defendant whose address is unknown, or who is allegedly evading service, before resorting to alternate means of substitute service." *Guardian Life Ins. Co. of Am. v. Estate of Walter Matesic*, Civ. No. 2:16-00643 (WJM), 2016 WL 3763340, at *2 (D.N.J. July 14, 2016) (quoting *J.C. v. M.C.*, 438 N.J. Super. 44, 48–49 (Ch. Div. 2013)). This requires that "a plaintiff follow up on information it possesses or can reasonably obtain, but it does not necessarily mean a plaintiff take every conceivable action." *Argonaut*, 2018 WL 6716104, at *2 (citing *Modan*, 347 N.J. Super. at 48–49).

Service by publication, as requested here, "is hardly favored and is the method of service that is least likely to give notice." *M & D Assocs. v. Mandara*, 366 N.J. Super. 341, 353 (App. Div. 2004) (citing *Modan*, 327 N.J. Super. at 48). As the Supreme Court noted, "[c]hance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed." *Mullane*, 339 U.S. at 315. Still, in the case of persons missing or unknown, indirect service may be "all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Id.* at 316. Therefore, service by publication is only permissible after a plaintiff has "demonstrated by affidavit that all of the statutory modes of service [were] diligently exhausted without successful

service and that all reasonable efforts to locate the defendant have failed." *Prudential Ins. Co. of Am. v. Holladay*, No. 07-5471 (FSH), 2008 WL 1925293, at *3 (D.N.J. Apr. 30, 2008).

Here, the Court is satisfied that Plaintiff has demonstrated due diligence in its attempts to locate and service Defendant Thompson. A review of the Declaration of C. Scott Rybny, Esquire establishes that, in accordance with New Jersey Court Rule 4:4-4(a), Plaintiff attempted personal service on Thompson at his last known address on two prior occasions. *See* Rybny Decl. ¶¶ 5–6. Thompson had been served in the underlying lawsuit at this same address.[3] *Id.* ¶ 5. In this case, service was attempted at the Cecil B. Moore address on November 24, 2020. *Id.* ¶ 6. The process server declared that when he attempted to serve Thompson at the Cecil B. Moore address, he "spoke to a female named Julia in Apt. #4. She spoke from behind a closed door and said she has lived there for a little while. This is a rooming house and Clemendine Thompson must have lived there before her. She sees mail for her [sic] sometimes." *Id.* ¶ 7.

Plaintiff's counsel then attempted to determine Thompson's location by obtaining a "Lexis Nexis comprehensive investigative report." *Id.* ¶ 8. The report stated that Thompson resided at a different address, on North 27th Street in Philadelphia, from November 2012 through the time that counsel conducted the search. *Id.* The North 27th Street address was among others listed in the report, but the 27th Street address was also "substantiated by a number of utility services linked to Thompson and that address." *Id.* Thus, on or about December 3, 2020, Plaintiff employed a process server to attempt service at the North 27th Street address. *Id.* ¶ 11. Service there was first attempted on the morning of December 4, 2020. *Id.* ¶ 12. The process server declared that there was "[n]o 3rd Floor bell" and that a "[w]oman on the 1st Floor stated[:] 'I'm not letting anyone [in] or ringing

---

[3] Counsel further states that, upon information and belief, Thompson has not participated in the underlying lawsuit and did not file an answer to the complaint. *Id.* ¶ 5 (citing Ex. 1, Aff. of Service, June 8, 2019).

5

their bell.'" *Id.* A second attempt was made on the afternoon of December 6, 2020, but the process server received no answer at the 3rd floor bell or on the listed telephone numbers he possessed. *Id.* Another failed attempt was made on the night of December 15, 2020. *See id.*

In the meantime, on December 1, 2020, Plaintiff's counsel sent a "Request for Change of Address or Boxholder Information" to the Philadelphia Post Office to obtain information regarding Thompson's address history. *Id.* ¶ 9. On December 4, 2020, counsel received a return receipt indicating that the Post Office received counsel's request; however, as of the date of Plaintiff's filing of the instant motion, counsel had not received a response to his request. *Id.* ¶ 10. Counsel declares that he "has used the means available to him to find and serve Defendant Thompson, with no further information presented that would provide any other likely locations where he may successfully be served." *Id.* ¶ 13.

The Court finds that Plaintiff has exercised due diligence in attempting to locate and serve Defendant Thompson. Counsel employed a process server who attempted personal service on Thompson at two different addresses on multiple occasions. In one instance, the process server spoke to an individual residing at Thompson's last known address on Cecil B. Moore Avenue, who stated he no longer lived at that address. Subsequently, counsel obtained a comprehensive investigative report and was able to ascertain another address that was associated with Thompson on North 27th Street. Personal service was similarly attempted on Thompson at this address on several occasions to no avail. In addition, counsel submitted an inquiry with the Postal Service in another attempt to obtain Thompson's correct address but has not yet received any response.

In light of these circumstances, the Court will allow Plaintiff to effectuate service upon Thompson by publication. It is clear that Plaintiff has exhausted the options for personal service and service via certified mail and that service by publication, while not likely to be successful, is

the sole remaining option. Although Plaintiff might not have taken every conceivable action, its conduct demonstrates that it followed up on information it possessed or could have reasonably obtained, and that its efforts will meet the constitutional requirements of due process. *See Modan*, 327 N.J. Super. at 48–49; *accord Mullane*, 339 U.S. at 314–15. However, given the limitations of service by publication, the Court does not find Plaintiff's proposed terms to be sufficient. First, the Court will require Plaintiff to publish its notice once a week for three consecutive weeks in each newspaper, as opposed to a single publication, to increase the likelihood, however slightly, that Thompson will be made aware of it. *See, e.g.*, *H.D. Smith, LLC v. Prime Rite Corp.*, No. 16-294 (ES/MAH), 2016 WL 3606785, at *4 (D.N.J. July 5, 2016) (requiring once a week publications for three consecutive weeks). In addition, Plaintiff will also be required, as it has indicated it will, to mail, *via* regular and certified mail, a copy of the summons and complaint to Thompson at his two last known addresses. *See id.* (citing N.J. CT. R. 4:4-5(a)(3)).

### B. Extension of Time to Serve

Plaintiff also seeks a ninety-day extension of time to serve Thompson. *See* Pl.'s Br. at 9. Pursuant to Federal Rule of Civil Procedure 4(m), a defendant must be served within ninety days after the complaint is filed or else "the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "The determination whether to extend time involves a two-step inquiry." *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) (citation omitted). First, the district court "determines whether good cause exists for a plaintiff's failure to effect timely service. If good cause exists, the extension must be granted. . . . If good cause does not exist, the district court must consider whether to grant a discretionary extension of time." *Id.*

In this case, good cause exists to grant Plaintiff's requested relief. The Court has already found that Plaintiff demonstrated due diligence in its attempts to locate and serve Thompson, and has been unable to serve him, not through any fault or lack of effort on Plaintiff's part. The Court has also found that Plaintiff has acted reasonably in light of all the circumstances. Accordingly, Plaintiff shall have until **October 6, 2021** to serve Defendant Thompson.

III. **CONCLUSION**

For the reasons set forth, the Court finds good cause to grant Plaintiff's motion seeking an extension of time to serve Defendant Thompson and to effectuate service upon him by publication, subject to the terms stated herein.

Accordingly,

IT IS this **8th** day of **July**, **2021**,

**ORDERED** that Plaintiff's motion [ECF No. 7] to permit service by publication on Defendant Clemendine Thomspon and to extend the time for service on Defendant Thompson is **GRANTED** in modified form; and it is further

**ORDERED** that Plaintiff shall have until **October 6, 2021** to effectuate service by publication on Defendant Clemendine Thompson; and it is further

**ORDERED** that Plaintiff shall file notice in The Philadelphia Inquirer and in The Legal Intelligencer once a week for three consecutive weeks. Such notice must conform with the requirements of New Jersey Court Rule 4:4-5(a)(3) and its subparts, as applicable; and it is further

**ORDERED** that Plaintiff shall mail a copy of this Order, the legal notice to be published, along with the summons and complaint to Defendant Clemendine Thompson at his two last known addresses, 2800 Cecil B. Moore Avenue, Apt. 4, Philadelphia, PA, 19121, and 1755 N. 27th Street, Floor 3, Philadelphia, PA, 19121, by regular and certified mail; and it is further

**ORDERED** that once Plaintiff mails a copy of this Order, the legal notice, and the summons and complaint to Defendant Clemendine Thompson at his two last known addresses, as stated above, Plaintiff shall file a certificate of service; and it is further

**ORDERED** that Plaintiff shall file a proof of service when the legal notices are published in The Philadelphia Inquirer and the Legal Intelligencer and shall attach the published notices and proof of mailings to any such certification; and it is further

**ORDERED** that Defendant Clemendine Thompson shall have thirty (30) days from the date of final publication of Plaintiff's notice to file and serve an answer or otherwise move pursuant to Rule 12 of the Federal Rules of Civil Procedure.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc: Hon. Renée M. Bumb, U.S.D.J.