IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KEYSTONE INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>      v.<br><br>MICHAEL ANDERSON and CLEMEDINE THOMPSON,<br><br>      Defendants. | Civil No. 20-16049 (RMB/SAK)<br><br>**OPINION** |

**APPEARANCES**

Charles Scott Rybny
Meghan Flavin Henry
Morgan & Akins, PLLC
30 S. 15th Street
Suite 701
Philadelphia, PA 19102

    *On behalf of Plaintiff*

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court upon the filing of a Motion for Default Judgment [Docket No. 18] by Plaintiff Keystone Insurance Company against Defendant Clemendine Thompson. For the reasons set forth herein, the Court will grant Plaintiff's Motion.

1

I. **BACKGROUND**

As alleged in the underlying state court lawsuit (the "Underlying Lawsuit"), Defendant Michael Anderson employed both Eugene Catchings and Defendant Clemendine Thompson. [Docket No. 1, ¶¶ 12, 15, 17.] On March 5, 2019, Defendant Anderson allegedly instructed Defendant Thompson to pick up Catchings in Anderson's Ford Ecoline 150 van and bring him to another job location. [*Id.*] According to the Underlying Lawsuit, Thompson and Catchings got into a car accident on the way to the job site. [*Id.* ¶ 11.] Subsequently, Catchings filed the Underlying Lawsuit against Thompson and Anderson (amongst others) for personal injuries sustained as a result of the motor vehicle accident on March 5, 2019. [*Id.* ¶ 9.] Catchings filed an Amended Complaint in state court on May 22, 2019. [*Id.*]

Anderson had an insurance policy marked as number 37364376 (the "Policy") through Plaintiff Keystone Insurance Company, which in pertinent part defines an "Insured" as:

> 1. You or any "family member" for the ownership, maintenance or use of any auto or "trailer".
> 2. Any person using "your covered auto."

[*Id.*] In response to the Complaint, Anderson submitted a claim to Plaintiff, seeking defense and indemnification under the Policy. [Docket No. 18, at 4.]

Plaintiff then filed a Complaint in this Court against Defendants Thompson and Anderson on November 16, 2020, seeking declaratory judgment. [*See* Docket No. 1.] Plaintiff alleges that under the Policy that it has no duty to defend or indemnify Defendants for the claims and damages alleged in the Underlying Action.

2

[Docket No. 18., at 3.] Specifically, Plaintiff alleges that pursuant to the Cross Liability Exclusion and Business Pursuit Exclusion found in the Policy excludes bodily injury liability coverage to an employee injured during the course of employment. [*Id.*] The Cross Liability Exclusion provides in part that:

> We do not provide Liability Coverage for any person:
> . . . .
> 4. "For "bodily injury" to an employee of that person during the course of employment. This exclusion (A.4.) does not apply to "bodily injury" to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

[*Id.*, at 4.]

The Business Pursuit Exclusion provides in part that:

> We do not provide Liability Coverage for any person:
> . . . .
> 7. Maintaining or using any vehicle while that person is employed or otherwise engaged in any "business" (other than farming or ranching) not described in Exclusion (A.6.). This exclusion (A.7.) does not apply to the maintenance or use of a:
>      a. private passenger auto;
>      b. pickup or van that you own; or
>      c. "Trailer" used with vehicle described in a. or b. above.
> 8. Using a vehicle without a reasonable belief that person is entitled to do so.

[*Id.*]

Thereafter, Plaintiff and Anderson entered into an Agreement and Stipulation that Plaintiff "owes no obligation to defend or indemnify" Anderson in the Underlying Lawsuit. [Docket No. 9.] However, Defendant Thompson failed to answer or respond otherwise to Plaintiff's Complaint despite proper service. [*See* Docket.] As a result, Plaintiff requested that the Clerk of the Court enter Default, which it did on September 17, 2021. [Docket No. 17.] On December 31, 2021,

Plaintiff filed the pending Motion for Default Judgment as to Defendant Clemedine Thompson. [Docket No. 18.] Defendant Thompson has not entered an appearance or filed any items on the docket in this case.

## II.   JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. Plaintiff is an insurance company duly organized and incorporated under the laws of the state of Delaware with its corporate headquarters in Delaware. [Docket No. 1, ¶ 2.] Defendant Anderson is a resident of New Jersey and Defendant Thompson is a resident of Pennsylvania. [*Id.* ¶¶ 4-5.]

Furthermore, Plaintiff's potential insurance liability in the Underlying Lawsuit exceeds $75,000. [Docket No. 18, at 7.] Plaintiff also alleges that on December 6, 2021, an assessment of damages hearing took place in the Underlying Litigation, which resulted in the Catchings—the plaintiff in the Underlying Lawsuit—securing a judgment against Defendant Thompson in the amount of $300,000. [*Id.*] Accordingly, this Court finds that the amount in controversy sufficiently exceeds $75,000.

## III.   LEGAL STANDARD

A plaintiff may seek default judgment in a case in which the defendant has failed to plead or otherwise defend, and the Clerk of the Court has entered default. *See* FED. R. CIV. P. 55. When the plaintiff's alleged damages are not for a sum certain, it must seek default judgment from the Court. FED. R. CIV. P. 55(b)(2).

4

"[E]ven where a default is entered, the plaintiff is not automatically entitled to the damages she originally demanded." *Harris v. Bennett*, 746 F. App'x 91, 93 (3d Cir. 2018) (citation omitted). As such, once a default is entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (quotation omitted). However, before a court will grant default judgment, it "may consider whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *J&J Sports Prods., Inc. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018) (citing *Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008)).

Only once a court determines that a plaintiff is entitled to relief will it consider the "[t]hree factors [that] control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." *Abulkhair v. Office of Attorney Ethics*, 753 F. App'x 132, 134 (3d Cir. 2018) (quoting *Chamberlain v. Giampapa*, 210 F.3d 54, 164 (3d Cir. 2000)).

IV. ANALYSIS

    A.    **Plaintiff Has Stated a Viable Claim**

In its Complaint, Plaintiff has two causes of action for Declaratory Relief pursuant to the language of the Cross Liability Exclusion and Business Pursuit Exclusion found in the relevant Policy [Docket No. 1, ¶¶ 30, 34.] As to the Cross

5

Liability Exclusion, the Policy states that Plaintiff does not provide liability for "bodily injury" to an employee of that person during the course of employment. [*Id.* ¶ 25.] Here, the accident resulted in bodily injury and the Underlying Action is a personal injury case; therefore, the Complaint adequately alleges that bodily injury occurred in this instance. Moreover, the Complaint adequately alleges that Defendant Anderson employed both Catchings and Defendant Thompson at all relevant times. [*Id.* ¶¶ 15, 18.] According to the Complaint, Defendant Thompson drove the vehicle to the job location sites as part of a command from Anderson. [*Id.* ¶ 13.] Therefore, the complaint adequately alleges that the incident occurred in the scope of the employment and that, as a result, the Cross Liability Exclusion applies.

      As to the Business Pursuit Exclusion, the Policy does not provide coverage for maintaining or using any vehicle while employed or otherwise engaged in any "business" (other than farming or ranching). [*Id.*] Here, the Complaint alleges that two employees were using the motor vehicle on the date of the accident as a part of their normal job duties. [*Id.* ¶¶ 13–18.] It also adequately alleges that none of Business Pursuit Exclusion exceptions included are applicable, and as such the Policy excludes liability. Based on the Policy's language, Plaintiff has adequately established a viable claim that it has no duty to defend or indemnify Defendants in the Underlying Action under both the Cross Liability Exclusion and Business Pursuit Exclusion.

6

### B. Default Judgment Is Proper

As mentioned above, the Court will consider three factors in determining whether to enter default judgment: (1) whether Plaintiff will suffer prejudice if default judgment is not granted; (2) whether Defendant has a meritorious defense; and (3) whether Defendant's delay was the result of culpable misconduct. *Chamberlain*, 210 F.3d at 164.

#### 1. Will Plaintiff suffer prejudice if default judgment is not granted?

Plainly put, "Plaintiff will be prejudiced absent a default judgment because Defendant['s] failure to respond to Plaintiff's claims leaves Plaintiff with no other means to vindicate [his] claims." *See DeJesus v. Kids Academy, Inc.*, No. 18-13822 (NLH), 2020 U.S. Dist. LEXIS 69224, at *22 (D.N.J. Apr. 21, 2020) (vacated on other grounds). Therefore, this factor weighs in favor of granting default judgment.

#### 2. Does Defendant have a meritorious defense?

Defendant has not presented any defense to the Court. Therefore, "in the absence of any responsive pleading and based upon the facts alleged [by Plaintiff], Defendant[] do[es] not have a meritorious defense." *See, e.g.*, *Santiago v. Lucky Lodi Buffet Inc.*, No. 15-6147 (MCA), 2016 U.S. Dist. LEXIS 146089, at *6–7 (D.N.J. Oct. 19, 2016).

### 3. Is Defendant's delay in responding the result of culpable misconduct?

It appears to this Court that Defendant's delay in responding—better described at this point as a complete failure to respond—is the result of culpable conduct. "Culpable conduct is dilatory behavior that is willful or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123 (3d Cir. 1983). Here, Plaintiff served Defendant with both the Complaint and the Request for Entry of Default. [*See* Docket No. 12-1, at 9.] Defendant never responded, and there is no evidence to suggest this failure to respond was for an excusable reason. Thus, Defendant's failure to appear in this case is willful. *See, e.g.*, *DeJesus*, 2020 U.S. Dist. LEXIS 69224, at *22.

Therefore, the Court finds that default judgment is appropriate here because Plaintiff would be prejudiced if it were not granted, Defendant does not have a meritorious defense at this juncture, and Defendant's delay in responding was the result of culpable misconduct.

### V. CONCLUSION

For the reasons expressed above, the Court will grant Plaintiff's Motion for Default Judgment [Docket No. 18]. An accompanying Order shall issue.

<u>June 22, 2022</u>                                      <u>s/Renée Marie Bumb</u>
Date                                                          Renée Marie Bumb
                                                              United States District Judge